UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM BRAY,

    Plaintiff,

    v.

JOHN T. BOYD and TIGER
CORRECTIONAL SERVICES,

    Defendants.

CAUSE NO. 3:21-CV-215-DRL-MGG

OPINION AND ORDER

Adam Bray, a prisoner without a lawyer, filed a complaint and seeks leave to proceed *in forma pauperis*. However, a prisoner may not bring a civil action *in forma pauperis* if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Mr. Bray has four strikes:

    1. *Bray v. Friedman & Associates Law Offices*, 3:20-cv-249 (N.D. Ind. filed March 19, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on April 6, 2020;

    2. *Bray v. State of Indiana*, 3:20-cv-255 (N.D. Ind. filed March 20, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on April 6, 2020;

      3. *Bray v. State of Indiana*, 3:20-cv-855 (N.D. Ind. filed October 9, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on October 16, 2020; and

      4. *Bray v. LaPorte County of Indiana*, 3:20-cv1056 (N.D. Ind. filed December 28, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim and immunity on January 6, 2021.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Mr. Bray alleges "I have not been receiving the proper Kosher meals at the LaPorte County Jail . . . serving me beans every day for lunch, plus not to get no meat or fresh fruit at all . . . most of the food they're give me are process food . . . in Styrofoam trays . . .. " ECF 1 at 2. Mr. Bray never mentions being in imminent danger though he knows he cannot proceed *in forma pauperis* if he is not.[1] Inmates are entitled to food adequate to meet their dietary needs, but they are not entitled to the food of their choosing, or to "food that is tasty or even appetizing." *Williams v. Berge*, 102 F. App'x 506,

---

[1] Bray was notified he three times before he filed this case that he is barred from proceeding in forma pauperis by 28 U.S.C. § 1915(g) unless he is in imminent danger of serious injury: *Bray v. County of LaPorte*, 3:20-cv-1003 (N.D. Ind. filed November 30, 2020), ECF 11 on December 30, 2020 and ECF 23 on March 11, 2021; and *Bray v. LaPorte County of Indiana*, 3:20-cv1056 (N.D. Ind. filed December 28, 2020), ECF 2 on January 6, 2021. He was subsequently notified one additional time in *Bray v. Quality Correctional, LLC*, 3:21-cv-186 (filed March 15, 2021), ECF 5 on March 26, 2021.

507 (7th Cir. 2004); *see also Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017). There is no indication the diet he describes placed him in imminent danger of serious physical injury when he filed this lawsuit.[2] Thus he must prepay the entire $402 filing fee before he may proceed with this case.

Recently, Mr. Bray filed a motion asking for a continuance so he can get a job to pay his child support obligations, the filing fees for ten other cases, and the filing fee for this case. ECF 10. His request for an indefinite enlargement of time is unreasonable. Mr. Bray knew he was required to pre-pay the filing fee when he filed this case. He has had more than three months to do so. There is no basis for granting him additional time to pay the filing fee before dismissing this lawsuit.

However, though this case is dismissed, because he filed it while he was a prisoner, Mr. Bray must pay the filing fee using the methods of 28 U.S.C. § 1915. *See Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997).

For the foregoing reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A;

(2) ORDERS **Adam Bray, IDOC # 223933**, to pay (and the facility having custody of him to automatically remit) to the clerk 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $402.00 filing fee is paid in full;

(3) DIRECTS the clerk to create a ledger for receipt of these funds; and

(4) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

---

[2] Shortly after he filed this case, he was transferred out of the LaPorte County Jail. ECF 5.

SO ORDERED.

July 26, 2021 　　　　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court